**Thimesch Law Offices**
TIMOTHY S. THIMESCH, ESQ. (No. 148213)
GENE FARBER, ESQ. (No. 44215) – Of Counsel
158 Hilltop Crescent
Walnut Creek, CA 94597
Direct: (925) 588-0401
Facsimile: (888) 210-8868
tim@thimeschlaw.com
genefarber@gmail.com

Attorney for Plaintiff WILLIAM LAWSON

RICHARD E. NOSKY, JR., City Attorney
State Bar No. 130726
SHELLEY L. GREEN, Assistant City Attorney
State Bar No. 161521
425 N. El Dorado Street, Second Floor
Stockton, California 95202
Telephone: (209) 937-8333

Attorneys for Defendant CITY OF STOCKTON

U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LAWSON, | Case No. 2:08-CV-01101-FCD-JFM |
| Plaintiff, | Civil Rights |
| v. | **FULL CONSENT DECREE ORDER AND JUDGMENT** |
| CITY OF STOCKTON; and DOES 1 through 50, Inclusive, | |
| Defendant. | |

**FULL CONSENT DECREE ORDER AND JUDGMENT**

1.   Plaintiff WILLIAM LAWSON is a person with a disability whose condition requires the fulltime use of a wheelchair for mobility. Defendant CITY OF STOCKTON owns, operates, controls and maintains the following relevant public rights of way within city limits:

---

**Consent Decree Judgment and Order:**
**Case No. 2:08-CV-01101-FCD-JFM**

1        a)   The pedestrian and vehicular undercrossing on South Wilson Way between E. Hazelton Ave. and E. Anderson Street (Hereafter referred to as "Wilson Way Undercrossing"), and

5        b)   The pedestrian and vehicular undercrossing on East Charter Way between S. Grant Street and South Airport Way (Hereafter referred to as "Charter Way Undercrossing").

    (Hereafter, together, the two undercrossings shall be referred to as the "Subject Undercrossings".)

2.   Plaintiff WILLIAM LAWSON filed this action for himself and all other similarly situated members of the public, and against defendant City of Stockton ("Defendant"), to vindicate the public rights under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; and thru corresponding California law, including Government Code Sections 11135 and 4450-4456; Civil Code Sections 51, 54 and 54.1, et seq.; and Title 24 of the California Code of Regulations.

3.   Plaintiff alleges that defendant violated these statutes and their corresponding regulations by failing to provide full and equal access to the pedestrian rights of way at the Subject Undercrossings. Specific identification of the facilities and their deficiencies has been identified by plaintiff through an expert's report and schematic drawings.

4.   Plaintiff alleges that the Subject Undercrossing, and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:
Case No. 2:08-CV-01101-FCD-JFM
— 2 —

1  the adjoining roadways, have undergone construction triggering
2  the requirement of full compliance with state and federal
3  regulations in the altered areas, and that a further
4  programmatic obligation is imposed on these facilities since
5  the City is qualified government entity regulated by Title II
6  of the ADA, and additionally pursuant to California Government
7  Code Section 11135 and federal Section 504 of the
8  Rehabilitation Act of 1973, which imposes similar obligations
9  on government entities that receive federal, state and/or local
10 public funds.

11

12 **STIPULATIONS**

13     5. **Plaintiff's Qualified Disability.** Plaintiff is a
14 qualified person with a physical disability. He requires the
15 fulltime use of a wheelchair for mobility.

16     6. **Plaintiff's Residence and Status as Aggrieved and**
17 **Potentially Aggrieved.** Plaintiff alleges he has standing. He
18 lives approximately 5 miles from the closest undercrossing on
19 Charter Way, which is near businesses that he frequents. He
20 also works less than 2 tenths of a mile from the undercrossing
21 on Wilson Way, which is also near businesses he frequents.
22 While the City does not admit all of the specifics of the
23 foregoing allegations, it agrees that it is aware of sufficient
24 undisputed facts to support plaintiff's qualification as
25 "aggrieved and potentially aggrieved" under the relevant
26 statutes, and to support his standing under Article III of the
27 U.S. Constitution.
28     7. **Ownership, Control, Operation and Maintenance of the**

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:                                  — 3 —
Case No. 2:08-CV-01101-FCD-JFM

1   **Subject Undercrossings**. Defendant CITY OF STOCKTON owns,
2   operates, controls and maintains the Subject Undercrossings.

3   8.   **Receipt of Federal, State and Local Funding.** For
4   purposes of this decree, defendant CITY OF STOCKTON admits that
5   it receives federal, state and local funding, and additionally
6   that such funding has been used to build, alter and maintain
7   the relevant portions of the Subject Undercrossings, including
8   the adjoining vehicular roadways passing under the
9   undercrossing.

10   9.   **Construction History.** The parties stipulate that all
11   facilities in issue have undergone sufficient and recent
12   alteration and/or new construction to require at least some
13   level of compliance with <u>the requirements of the 1998 Edition
14   of Title 24, Part 2, of the California Code of Regulations</u> and
15   the <u>Americans With Disabilities Act Access Guidelines published
16   in 1992</u>.   The scope of facilities to be corrected under this
17   Full Consent Decree Order and Judgment are identified in
18   **paragraph 10**.

19   10.   **Scope of Facilities in Issue.**   The following are the
20   facilities affected by this Full Consent Decree Order and
21   Judgment: The absence of a vertical means of access to the
22   undercrossing's public sidewalks at each of the seven currently
23   non-compliant locations requiring the pedestrian to ascent a
24   vertical curb or steps to access the walkway; i.e., at every
25   end of the four undercrossing sidewalks which have steps and
26   curbs, but excluding the ramp at the southeast end of Charter
27   Way, which already complies with state and federal access
28   codes.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:                                        —4—
Case No. 2:08-CV-01101-FCD-JFM

**JURISDICTION**

11. The facts requisite to federal jurisdiction and venue are admitted. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, et seq. Article III jurisdiction is proper due to the plaintiff's continued exposure and proximity for use of the Subject Undercrossings. Pendant jurisdiction of the state law claims arises from a common nucleus of fact and is proper. Venue and intra-district jurisdiction is proper as the property in issue is located in San Joaquin County.

12. This Full Consent Decree Order and Judgment is contingent upon Court approval and acceptance of its terms, and the normal retention of jurisdiction to interpret and enforce terms.

13. The parties agree to entry of this Full Consent Decree Order and Judgment in order to resolve the below listed allegations raised in the Complaint filed with this Court on May 20, 2008. Accordingly, they agree to the entry of this Full Consent Decree Order and Judgment without trial or further adjudication of any issues of fact or law concerning the issues specified herein.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Full Consent Decree Order and Judgment, which provides as follows:

**FULL RESOLUTION OF ISSUES:**

14. This Full Consent Decree Order and Judgment shall be a full, complete, and final disposition and settlement of the

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:
Case No. 2:08-CV-01101-FCD-JFM                            —5—

1 below claims that have been or could have been alleged in the
2 Complaint, including for injunctive relief, declaratory relief,
3 statutory and compensatory damages, including personal and
4 bodily injury, and plaintiff's claims for reasonable statutory
5 attorney fees, litigation expenses and costs. This Full
6 Consent Decree Order and Judgment was negotiated and reached
7 through negotiations between the parties. The Court shall
8 retain jurisdiction of this action to enforce and interpret
9 this Full Consent Decree Order and Judgment. The parties agree
10 that if they or any of them seek Court enforcement of this Full
11 Consent Decree Order and Judgment, any such enforcement will be
12 by noticed motion, application or other appropriate request for
13 an order for specific performance and that a contempt citation
14 or decree will not be sought by any party. With respect to the
15 injunctive relief and damage claims resolved by this Order, the
16 parties acknowledge that they waive the provisions of and any
17 benefits that may be conferred by Civil Code section 1542 which
18 reads:

19 **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**
20 **CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**
21 **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH**
22 **IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED**
23 **HIS OR HER SETTLEMENT WITH THE DEBTOR.**

24

25 **<u>INJUNCTIVE RELIEF</u>**
26     15. As a part of a compromise of global liability, the
27 City of Stockton ["City"] agrees that it will perform the
28 following work to provide disabled access at the Subject

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Consent Decree Judgment and Order:**
**Case No. 2:08-CV-01101-FCD-JFM**                — 6 —

Undercrossings:

**A.**   The City has already, or will immediately, post a temporary, but durable sign at the east end of the ramp and sidewalk on the South side of the Charter Way Undercrossing indicating that the sidewalk is <u>not</u> accessible to disabled persons, and in substantially the following manner: The sign shall have an arrow pointing in the westward direction of travel, and use the following language: "Warning Steps at West End of Sidewalk, No Disabled Access."

**B.   Within 1 year** of entry of this Full Consent Decree Order and Judgment, the City shall install a compliant ramp with complaint handrails, compliant landings, a compliant clear width, and compliant wheel guards, etc. (hereafter "Compliant Ramp"), or another compliant means of vertical access to the undercrossing's walkway at the southwest end of the Charter Way Undercrossing, which shall be connected to a compliant cross-walk leading a compliant curb-ramp at the closest adjacent sidewalk.

**C.   Within 5 years** of entry of this Full Consent Decree Order and Judgment, the City shall install a Compliant Ramp or another compliant means of vertical access at each end of one side of the Wilson Way pedestrian undercrossing that is currently accessible only by ascending curbs or steps (i.e., on one side the street only and at the northeast and southeast ends of the sidewalk serving the Wilson Way Undercrossing). These Compliant Ramps shall each be connected to a compliant cross-walk leading to a compliant curb-ramp at the closest adjacent sidewalk.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Consent Decree Judgment and Order:**
**Case No. 2:08-CV-01101-FCD-JFM**                                      —7—

1         **D. Compromise of Statutory Obligations.** The parties stipulate that the forgoing remedial work is strictly a compromise of the City's programmatic services obligations under Section 202 and 204 of the ADA [42 USC §§ 12132 and 12134], shall be deemed work to "Existing Facilities" 28 CFR §35.150, and thus its performance shall not be treated as triggering any additional duties under §35.151 ("alterations")or Government Code Section 4456 ("alterations and structural repairs").

16. **Performance Standards.** All of the foregoing facilities specified in **paragraph 15** shall be brought into full and strict compliance with the performance standards for new construction of the California Code of Regulations, Title 24-2 (2008), and Americans with Disabilities Act Accessibility Guidelines, effective January 26, 1992.

17. **Conflict in Performance Standards.** The parties acknowledge that each of the architectural features specified in **paragraph 15** are regulated in near parallel fashion as "barriers to disabled access" under both Title 24 and the Americans with Disabilities Act Guidelines, and the corresponding statutory remedies. However, in the event of a conflict between the two sets of regulations identified in the proceeding paragraph, the provisions that supply maximum protection and accessibility to the disabled shall apply.

18. **Option to Close Facilities.** In lieu of making modification to any particular facility or amenity called for by this decree, the defendant may choose to permanently close such facility or amenity from public use. Such facilities

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:  —8—
Case No. 2:08-CV-01101-FCD-JFM

1  shall not be reopened for public use without provision of full
2  disabled access pursuant to the terms of **paragraph 15**.
3      19.  **Time for Compliance.**  As to all other work, defendant
4  shall submit plans and apply for any necessary permits and
5  complete all work specified in **paragraph 15** per the time
6  periods specified therein, allowing for good faith
7  interruptions due to inclement weather, contractor
8  unavailability, and other causes generally recognized under the
9  common law Doctrine of Force Majeure.  Permits from the
10 building department shall be secured for all work. Defendant
11 will provide written notice regarding the status of completion
12 within 60 days of after each deadline specified in **paragraph 15**
13 **thru 18**.
14     20.  **Enforcement.** Should plaintiff in the future become
15 aware of any facts or conditions relating to the Subject
16 Undercrossings that may give rise to a claim that defendant has
17 failed to comply with any of the injunctive relief provisions
18 set forth herein, plaintiff shall, prior to seeking enforcement
19 from this Court, provide notice to the City Attorney's Office.
20 The defendant shall have sixty (60) days, following receipt of
21 such notification to undertake to correct the alleged violation
22 and/or respond to plaintiff's allegations.  Any response made
23 by defendant shall be in writing, addressed to plaintiff's
24 counsel, Tim Thimesch of the Thimesch Law Offices, at his then
25 current address registered with the State Bar.  Plaintiff's
26 counsel agrees to contribute pro bono up to three hours in any
27 given calendar year toward these informal negotiation efforts.
28 If plaintiff determines, in his own good faith discretion, as

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Consent Decree Judgment and Order:**  — 9 —
**Case No. 2:08-CV-01101-FCD-JFM**

1  constrained by the good faith requirements imposed by Rule 11,
2  that the matter(s) are not resolved by defendant' response,
3  plaintiff shall be permitted to file a noticed motion under the
4  current case number of this action seeking enforcement of this
5  Full Consent Decree Order and Judgment. The prevailing party in
6  such motion proceedings, whether in full or in part, may be
7  entitled to an award of reasonable attorney fees, litigation
8  expenses and costs for such motion, i.e., pursuant to normal
9  prevailing party standards that applied under the subject civil
10 rights statutes before entry of this decree.

11

12 **DECLARATORY RELIEF**

13     21.  By this Full Consent Decree Order and Judgment, and
14 in consideration of the global compromise on liability,
15 defendants stipulate that the barriers identified herein for
16 correction, at **paragraph 15**, supra, constitute past and present
17 violations of plaintiff's rights under Title II of the
18 Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§
19 12101 et seq.; Section 504 of the Rehabilitation Act of 1973,
20 29 U.S.C. §794; and thru corresponding California law,
21 including Government Code Sections 11135 and 4450-4456; Civil
22 Code Sections 51, 54 and 54.1, et seq., and Title 24 of the
23 California Code of Regulations.
24     22.  Plaintiff has filed this action as a public interest
25 lawsuit, specifically alleging on page 1 lines 21 - 22 of his
26 Complaint that he brings the action "on behalf of herself and
27 other similarly situated disabled persons". The parties intend
28 that, this Consent Decree and Order shall additionally be

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:                                          — 10 —
Case No. 2:08-CV-01101-FCD-JFM

binding upon all persons with disabilities similarly situated to plaintiff, found to be in privity with him, and thus, to permitted by law, shall have the binding effect of res judicata and/or collateral estoppel. See Headwaters. Inc. v. U.S. Forest Service, 399 F.3d 1047 (9th Cir. 2005)

**RESOLUTION OF CLAIM FOR REASONABLE STATUTORY DAMAGES:**

23. Defendant agrees to pay the amount of $80,000 satisfaction of plaintiff's claims for bodily and personal injury and for statutory damages under Title II of the ADA, and Civil Code Sections 52 and 54.3. A check for this amount shall be made payable to "WILLIAM LAWSON," and delivered into plaintiff counsel's hands within 21 days of defendant' execution of this Full Consent Decree Order and Judgment. If overnight mail is used, defendant shall supply plaintiff's counsel with a tracking number.

24. The parties stipulate that the foregoing amount is intended to be paid in full to plaintiff, and understand that no part of it shall be received by plaintiff's counsel in compensation toward plaintiff's separate claim for reasonable statutory attorney fees, litigation expenses, and costs.

**RESOLUTION OF CLAIM FOR REASONABLE STATUTORY ATTORNEYS FEES, LITIGATION EXPENSES AND COSTS:**

25. Defendant agree to pay the amount of $125,000 satisfaction of plaintiff's claims for interim and final claims for reasonable statutory attorney fees, litigation expenses and costs under Section 505 of the ADA [42 USC 12205]; Civil Code

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:
Case No. 2:08-CV-01101-FCD-JFM
— 11 —

1  Sections 52, 54.3, and 55; Health & Safety Code Section 19953;
2  and Code of Civil Procedure Section 1021.5. A check for this
3  amount shall be made payable to "TIM THIMESCH, IN TRUST," and
4  delivered into plaintiff counsel's hands on November 21,
5  2009. If overnight mail is used, defendant shall supply
6  plaintiff's counsel with a tracking number.

**FULL CONSENT DECREE ORDER AND JUDGMENT:**

9  26. This Full Consent Decree Order and Judgment
10 constitutes the entire agreement between the parties on the
11 matters of plaintiff's claims for injunctive relief, statutory
12 and personal injury damages, and reasonable statutory attorney
13 fees, litigation expenses and costs, and no other statement,
14 promise, or agreement, either written or oral, made by any of
15 the parties or agents of any of the parties, that is not
16 contained in this written Full Consent Decree Order and
17 Judgment, shall be enforceable regarding the matters described
18 herein.

**FULL CONSENT DECREE ORDER AND JUDGMENT BINDING ON PARTIES AND**
**SUCCESSORS IN INTEREST:**

22 27. The parties agree and represent that they have
23 entered into this Full Consent Decree Order and Judgment
24 voluntarily, under no duress, and wholly upon their own
25 judgment, belief, and knowledge as to all matters related to
26 this Full Consent Decree Order and Judgment, after having
27 received full advice from counsel.
28       28. This Full Consent Decree Order and Judgment shall be

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Consent Decree Judgment and Order:                                           — 12 —
Case No. 2:08-CV-01101-FCD-JFM

1  binding on Plaintiff WILLIAM LAWSON, and Defendant CITY OF
2  STOCKTON; and any successors in interest.  During the period of
3  this Full Consent Decree Order and Judgment, the parties have a
4  duty to so notify all such successors in interest of the
5  existence and terms of this Full Consent Decree Order and
6  Judgment during the period of the Court's jurisdiction of this
7  Full Consent Decree Order and Judgment.
8
9  **JOINT PREPARATION AND SEVERABILITY:**
10      29.  This Full Consent Decree Order and Judgment is deemed
11 jointly prepared by all parties and shall not be strictly
12 construed against any party as its drafter.  If any term of
13 this Full Consent Decree Order and Judgment is determined by
14 any court to be unenforceable, the other terms of this Full
15 Consent Decree Order and Judgment shall nonetheless remain in
16 full force and effect.
17
18 **SIGNATORIES BIND PARTIES:**
19      30. Signatories on the behalf of the parties represent
20 that they are authorized to bind the parties to this Full
21 Consent Decree Order and Judgment.
22
23 **SIGNATORIES BIND PARTIES:**
24      31.  This Full Consent Decree Order and Judgment may be
25 executed in counterpart signatures, and such signatures may be
26 attached in counterparts, each of which shall be deemed an
27 original, and which together shall constitute one and the same
28 instrument.  Such counterparts may be signed as faxed

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Consent Decree Judgment and Order:**
**Case No. 2:08-CV-01101-FCD-JFM**

— **13** —

1  signatures, which shall have the same force and effect as
2  original signatures.

4  Dated: _____

5                                             /s/
Plaintiff WILLIAM LAWSON

7  Dated: _____

9                                             /s/
CITY OF STOCKTON

**APPROVED AS TO FORM:**

Dated: November __, 2009          THIMESCH LAW OFFICES
                                  TIMOTHY S. THIMESCH, ESQ.
                                  GENE A. FARBER, ESQ. – Of Counsel


                                          /s/
                                  Attorneys for Plaintiff
                                  WILLIAM LAWSON


Dated: November __, 2009          RICHARD E. NOSKY, JR.
                                  CITY ATTORNEY

                                  SHELLEY L. GREEN
                                  ASSISTANT CITY ATTORNEY


                                          /s/
                                  Attorneys for Defendant
                                  CITY OF STOCKTON

**IT IS SO ORDERED.**

Date: December 3, 2009            [signature]

                                  _____
                                  FRANK C. DAMRELL, JR.
                                  UNITED STATES DISTRICT JUDGE

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Consent Decree Judgment and Order:**
**Case No. 2:08-CV-01101-FCD-JFM**                                    — 14 —